IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JENNA R. GILLIT § | |
|     Plaintiff § | |
| § | |
| vs. § | C.A. NO. _____ |
| § | JURY TRIAL DEMANDED |
| § | |
| WINONA INDEPENDENT § | |
| SCHOOL DISTRICT § | |
|     Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jenna R. Gillit files this Original Complaint against Winona Independent School District and in support, Plaintiff would show the Court as follows:

## PARTIES

1. Plaintiff Jenna R. Gillit is a resident of Lindale, Texas. She is a former employee of Defendant Winona Independent School District which does business in Winona, Texas.

2. Defendant, Winona Independent School District has continuously been and is now a school district located at 611 Wildcat Drive, Winona, Texas 75792. Defendant's registered agent is Dexter Jones, who may be served at 611 Wildcat Drive, Winona, TX 75792.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is also invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 and for violation of §503 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §793 (1993).

4. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with.

5. Venue is proper in this judicial district because all or part of Plaintiffs' claims arose in this judicial district.

6. This Court has jurisdiction over all claims in this action under 28 U.S.C. § 1331.

## FACTS

7. Plaintiff was employed by Winona Independent School District from August 2014 until she was terminated on December 17, 2015. Plaintiff worked as an AVID Teacher & ELA/Writing Teacher.

8. Plaintiff suffers from migraine headaches which are induced by fluorescent lighting in the classroom. During the 2014-2015 school year, Plaintiff was allowed by her principal to place covers over the fluorescent lighting as an accommodation to her migraine headache condition and utilize lamps for lighting in the classroom.

9. A different principal, Melissa Gimble, was assigned to Plaintiff's school for the 2015-2016 school year. At the beginning of the school year, Plaintiff informed the principal that the classroom fluorescent lights caused her migraines. As a result, the employer permitted her to use six lamps in the classroom instead of the fluorescent lights.

10. On November 20, 2015, the principal instructed Plaintiff to use the fluorescent lights and some of them would be covered with magnetic overlays that would filter the harsh light. Plaintiff continued to use the overlays until December 2, 2015 when they were removed for a UIL Academic competition. As a result, Plaintiff began to use the lamps again.

11. On December 9, 2015, the principal instructed Plaintiff to use the fluorescent lights even though the overlays had not been replaced. Plaintiff told Principal Gimble that the fluorescent lighting triggers her migraines and that she might not be at school the next day due to her migraines. Principal Gimble stated that she would get her a substitute. Plaintiff began to experience

a migraine that day and missed the next day due to her migraine.

12. On December 15, 2016, Plaintiff was preparing for her first period class when Principal Gimble came into her classroom and turned on the fluorescent lighting. At the time, Plaintiff was utilizing the lamps for lighting in the classroom. Plaintiff again informed Principla Gimble that the fluorescent lighting would likely trigger a migraine headache and that she would be filing a claim with the Equal Employment Opportunity Commission ("EEOC") because she believed she had been discriminated against for a disability. Principal Gimble stated that Plaintiff could leave.

13. On December 16, 2015, the overlays were only added to the lights above the teacher's desk. However, Plaintiff continued to use the lamps instead. On December 17, 2016, the principal turned on the classroom lights and asked to speak with Plaintiff down in her office. Plaintiff accompanied Principal Gimble to the office where Colleen Conn was waiting with a notepad to take notes. Principal Gimble stated that as of that day, Plaintiff was terminated due to her insubordination. Plaintiff again informed Principal Gimble that she would contact the EEOC over her termination. At that time, the principal requested Plaintiff's key to the building and her classroom. Principal Gimble walked Plaintiff back to her classroom along with Officer Pehl, the school officer. Plaintiff retrieved her keys from her purse and handed them to Principal Gimble. Gimble told Plaintiff that she could retrieve her belongings that afternoon.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

15. Plaintiff timely filed charges of discrimination with the EEOC and the Texas Commission on Human Rights alleging discrimination on the basis of her disability and also in retaliation for her asserting her rights pursuant to the Americans with Disabilities Act.

16. The EEOC has issued Notices of Right to Sue with respect to her charge of discrimination and retaliation.

17. This lawsuit has been filed within ninety days of the date that the Notice of Right to Sue were issued.

18. Thus, this lawsuit is timely filed.

### FIRST CAUSE OF ACTION (DISABILITY DISCRIMINATION)

19. Plaintiff incorporates each of the foregoing paragraphs as if fully set forth herein.

20. Defendant Winona Independent School District discriminated against Plaintiff in violation of the Americans with Disabilities Act.

21. Plaintiff suffers from migraine headaches which constitutes a disability under the Americans with Disabilities Act.

22. Plaintiff was subjected to discriminatory terms and conditions of employment because of her disability.

23. The discrimination included the termination of Plaintiff because of her disability. Additionally, Defendant failed to accommodate Plaintiff's need to non-fluorescent lighting in her classroom.

24. Finally, Defendant retaliated against Plaintiff for asserting her rights under the Americans with Disabilities Act.

25. Plaintiff had suffered actual damages as a result of Winona Independent School District's discrimination against her.

26. Winona Independent School District's discrimination was done with malice and/or with reckless disregard for Plaintiff's federally-protected rights.

27. An award of exemplary damages is therefore warranted.

## JURY DEMAND

28.    Plaintiff hereby demands a jury on all claims triable by jury.

## ATTORNEY'S FEES

29.    Plaintiff hereby demands recovery of all reasonably necessary attorney's fees incurred in the prosecution of this matter.

## PRAYER

Accordingly, Plaintiff prays for the following relief:

a)    that she have judgment in her favor for Winona Independent School District's discrimination against her, including back pay, reinstatement/front pay, and compensatory and punitive damages;
b)    that the Court award attorney's fees, expert fees and costs to Plaintiff pursuant to the Americans with Disabilities Act; and
c)    that the Court award such other and further relief to which Plaintiff may show herself entitled.

Respectfully submitted,

__/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm
1404 Rice Road, Suite 200
Tyler, Texas 75701
903-596-7100
469-533-1618 Facsimile

ATTORNEY FOR PLAINTIFF